UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER THURLOW,

                              Plaintiff,

                                                                    Case #16-CV-6823-FPG

v.

                                                                       DECISION AND ORDER

COSTCO WHOLESALE CORPORATION,

                              Defendant.
_____

      On June 14, 2015, while at a Costco store in Rochester, New York, Jennifer Thurlow slipped on wet concrete and injured her left elbow as she fell to the ground.  Thurlow sued Costco in the Supreme Court of the State of New York, County of New York, alleging that Costco's negligence caused her injuries.  Costco, citing the diversity jurisdiction of federal courts under 28 U.S.C. § 1332, removed the case to this Court.[1]  However, Costco has failed to meet its burden of proving "to a reasonable probability" that the amount in controversy in this case is over $75,000—which is a prerequisite for jurisdiction under § 1332.  Absent subject matter jurisdiction, this case must be remanded to the New York State Supreme Court.

## DISCUSSION

      "Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  Judicial scrutiny is particularly important where, as here, the defendant has removed the case from state court. *DiPonzio v. Bank of Am. Corp.*, No. 11-CV-06192, 2011 WL 2693912, at *2 (W.D.N.Y. July 11, 2011) (noting that "removal implicates both state court independence and the federal

---

[1]     Because the County of New York is in the Southern District of New York, removal directly to the Western District of New York was improper.  *See* 28 U.S.C. § 1441(a) (providing for the removal of a civil action "to the district court of the United States *for the district and division embracing the place where such action is pending*") (emphasis added).

docket"); *see also Houston v. Scheno*, No. 06-CV-2901, 2007 WL 2230093, at *2 (E.D.N.Y. July 31, 2007). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir.1991)). Thus, with respect to the amount in controversy requirement under § 1332, the removing party bears the burden of proving "to a reasonable probability" that the amount in controversy is over $75,000. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Uddin v. Mamdani*, No. 16CV4385, 2016 WL 4536870, at *2 (E.D.N.Y. Aug. 30, 2016).

Here, Costco has failed to meet that burden. In its notice of removal, Costco asserted that "[o]n the face of plaintiff's complaint, the amount in controversy exceeds $75,000." But in accordance with New York civil procedure, Thurlow's complaint does not indicate the amount of damages she is seeking. *See* N.Y. C.P.L.R. § 3017(c).[2] The complaint also does not provide any detail regarding the injuries Thurlow allegedly suffered as a result of her fall. Therefore, this Court issued an Order to Show Cause requiring Costco to demonstrate why the case should not be remanded to state court. *See* ECF No. 3.

In response to the Order to Show Cause, Costco submitted a transcript of a recorded statement Thurlow gave regarding the incident, medical records obtained from Thurlow's medical providers, and a signed statement that Thurlow sent to Costco in an attempt to settle her claim. Thurlow explains in her recorded statement that she went to the Costco store on June 14, 2015 to buy a membership. As she stepped inside the entrance, which was locked open despite the fact that it had been raining all day, she slipped on wet concrete in the space between the door frame and a welcome mat. She tried to catch herself but fell and hit her left elbow on the door frame. The medical records demonstrate that Thurlow suffered a non-displaced fracture of

---

[2] N.Y. C.P.L.R. § 3017(c) allows defendants to "request a supplemental demand setting forth the total damages to which the [plaintiff] deems [herself] entitled." However, Costco did not take advantage of this mechanism.

the left radial head and a rupture of the lateral ulnar collateral ligament. She had surgery to repair the collateral ligament on August 14, 2015. In Thurlow's signed statement, which she sent to Costco in November of 2015, she states that she has been slow to recover and continues to experience pain and suffering. She also describes the collateral effects the injury has had on her future career plans and her family life.

Although these documents do provide more detail about Thurlow's fall and her alleged injuries, they are insufficient to demonstrate "to a reasonable probability" that the amount in controversy exceeds $75,000. In particular, the Court notes that these documents demonstrate that Thurlow is right-handed, was not employed at the time of the incident, and has private health insurance. Costco did not reference or attach any medical bills in response to the Court's Order to Show Cause. Given the record before the Court at this time, as well as the fact that it is Costco's burden to show that the requirements for jurisdiction are satisfied, the Court concludes that it does not have subject matter jurisdiction in this case.

## CONCLUSION

For the reasons stated above, this case is remanded to the Supreme Court of the State of New York, County of New York. The Clerk of Court is directed to close this case and to transmit this Order to the Clerk of the Supreme Court of the State of New York, County of New York.

IT IS SO ORDERED.

Dated: January 27, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court